UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL POPESCU<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, PARKING<br>MANAGEMENT DIVISION and ROBERT<br>PAGAN #8073,<br><br>                        Defendants. | Civil No. 06-CV-1577  WMc<br><br>**FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW** |

A bench trial was held before the Honorable William McCurine, Jr., in the above-entitled matter on November 29, November 30, and December 1, 2011.  This Court, having considered the live testimony, the documentary evidence, the applicable law and the arguments of plaintiff *pro se* and defense counsel, **HEREBY** makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

As set forth herein, the Court finds for Defendant Pagan and against Plaintiff Popescu, and concludes Plaintiff failed to meet his burden of proving that Officer Pagan violated his constitutional rights.

### Findings of Fact

1.      Plaintiff and Defendant are both citizens of the United States.

2.      At all times material hereto Defendant was, and is, employed as a Parking Enforcement Officer II with the City of San Diego.

3.     At all times material hereto Plaintiff was the owner of a red Datsun pickup truck with a camper shell, bearing California license plate 6G25628 (hereinafter referred to as "Datsun").

4.     At all times material hereto Plaintiff was also the owner of a white GMC Suburban vehicle bearing California license plate 2YLN851 (hereinafter referred to as "Suburban").

5.     Defendant Pagan issued 3 different parking citations to Plaintiff for illegally parking in an alley.

a.     The 1st ticket was issued on October 1, 2005 at 1000 hrs on the Datsun, which was illegally parked in the 4000 block of Euclid Avenue in the northwest section of the alley. The vehicle was parked 2'3" into the alley. [Defendant's Exhibit 1]

b.     The 2nd ticket was issued on November 16, 2005 at 1046 hrs  on the Suburban which was illegally parked in the 4400 block of Estrella Avenue in the northwest section of the alley.  75% of the Suburban intruded into the alley. [Defendant's Exhibit 3]

c.     On December 14, 2005 at 1531 hrs.  Defendant Pagan issued the 3rd ticket.  This ticket was issued to the Datsun parked in the 4000 block of Euclid Avenue in the northwest section of the alley.  The vehicle was illegally parked, intruding 1'5" into the alley. [Defendant's Exhibit 4]

6.     On October 1, 2005 at 0959 hours Defendant Pagan issued a parking violation citation on a Toyota vehicle illegally parked in the 4000 block of Euclid Avenue in the northwest corner of the alley.  Defendant Pagan issued this ticket approximately 1 min. before he issued the 1st parking citation on Plaintiff's Datsun. [Defendant's Exhibit 2]

7.     On December 14, 2005 at approximately 1531 hrs. Defendant Pagan issued a traffic citation to a white Dodge van for illegally parking in the 4000 block of Euclid Avenue in the northwest section of the alley. [Defendant's Exhibit 7]

8.     On December 14, 2005 at 1534 hrs  Defendant Pagan issued a traffic citation to a Ford van illegally parked in the 4000 block of Euclid Avenue in the northwest section of the alley. [Defendant's Exhibit 6 and 7]

9.     All the above traffic citations were issued pursuant to Municipal Code section 86.10.3

10.    At all times material hereto Daniel Dickel worked in the City Treasurer's office as part of the Division of Parking Administration.  Mr. Dickel has no responsibility for issuing traffic tickets

2

or interpreting municipal codes of vehicle codes relating to illegal parking.  His responsibilities begin *after* a parking ticket has been issued.

11.   With regard to the months of October, November and December 2005.  Mr. Dickel testified as follows:

    a.   Mr. Pagan issued 25 citations in October for illegal parking in alleys.

    b.   Mr. Pagan issued 60 citations in November for illegal parking in alleys.

    c.   Mr. Pagan issued 59 citations in December for illegal parking in alleys.

    d.   All the above tickets were issued pursuant to Municipal Code section 86.10.3.

    e.   All the above citations were issued at or near the 4400 block of Euclid Avenue.

12.   Mr. Dickel testified that for calendar years 2005 and 2006 Defendant Pagan issued 21,171 parking tickets.  Of that number, 2,296 were for violations of Municipal Code section 86.10.3.

13.   Plaintiff asserts Defendant was prejudiced against him because of religious and political signs and stickers Plaintiff had on his vehicle bumpers and on garages in front of which he worked. Plaintiff further contends Defendant Pagan singled him out for this invidious discriminatory treatment.  Plaintiff offers six (6) bases for his belief that Pagan discriminated against them in violation of Plaintiff's constitutional rights:

    a.   Defendant singled him out for discriminatory treatment.

    b.   Defendant's last name is "Pagan", thereby establishing in Plaintiff's mind that Defendant is an atheist and hostile to Christian.

    c.   In an interrogatory Plaintiff propounded to Defendant seeking Defendant's religious beliefs and affiliations, Defendant objected.  Plaintiff never moved to compel a further response to this interrogatory.

    d.   At Plaintiff's criminal trial in state court, the prosecutor objected when Plaintiff asked during the trial whether Officer Pagan believed in God.  The trial court sustained the objection.

    e.   Officer Pagan voted against Proposition A, the Proposition in the City of San Diego advocating the preservation of the Christian cross on Mount Soledad.  Plaintiff asserts he knows this assertion to be true because on July 25, 2005.  The Plaintiff went to the City

of San Diego's  Registrar of Voters and a worker there told him Defendant Pagan (a) is a

registered Democrat and (b) voted against Proposition A.

 f.  The public vote on Proposition A occurred before officer taking issued the 1st ticket on October 1, 2005.

14. The Plaintiff's argument in paragraph 13(b) above is absurd on its face, reprehensible, shameless and utterly foolish.

15. Officer Pagan testified that he is religious, was raised in the Catholic church and believes in God.

16. Plaintiff's argument in 13(c) above is without merit; Plaintiff never moved to compel a response to the interrogatory.

17. The Plaintiff's argument and 13(d) above irrelevant and without merit.  The trial court sustained the prosecutor's objection and did not compel Officer Pagan to answer the question regarding his religious beliefs.

18. The Plaintiff's  argument in 13(e) is so devoid of credibility as to border on perjury.  It is beyond the pale of credibility that an employee of the City of San Diego's Registrar of Voters would know, or be able to tell Plaintiff, how Officer Pagan voted on Proposition A.

19. At all times material hereto Officer Pagan was a resident of the City of Chula Vista, not a resident of the City of San Diego and, therefore, not eligible to vote on Proposition A, an initiative only for eligible voters in the City of San Diego.  Officer Pagan testified that, had he been able to vote in San Diego's municipal election regarding Proposition A, he would have voted in favor of the Proposition.

20. Officer Pagan testified that he never saw, or took notice of, any religious or political bumper stickers or signs on any of Plaintiff's vehicles or on the garages in front of which Plaintiff often worked before Pagan ticketed the Plaintiff's vehicles or at the time he ticketed Plaintiff's vehicles.

21. Officer Pagan and Plaintiff never met before Plaintiff filed the subject lawsuit.

22. According to the testimony of Daniel Dickel and Officer Pagan a Parking Enforcement Officer has the discretion to determine whether to issue a parking citation under Municipal Code section 86.10.3.

23. Plaintiff failed to produce any credible evidence that Officer Pagan exercised his discretion in issuing the 3 parking citations to Plaintiff with invidious, constitutionally prohibited, discriminatory intent. The only credible evidence is that Officer Pagan appropriately exercised his discretion in determining to issue the subject three (3) parking citations under Municipal Code section 86.10.3.

24. The undisputed evidence is that in each of the 3 instances when Officer Pagan issued a parking citation to Plaintiff's Datsun or Suburban, Plaintiff's vehicle was intruding into the alley.

25. The undisputed testimony is that the City of San Diego interprets Municipal Code section 86.10.3 so as to give City Parking Enforcement Officers authority to issue a parking citation under Municipal Code section 86.10.3 if a vehicle intrudes into the alley.

26. The undisputed testimony is that the City of San Diego interprets Municipal Code section 86.10.3 so as to give City Parking Enforcement Officers discretion to determine whether to issue a parking citation under Municipal Code section 86.10.3.

27. Municipal Code section 86.10.3 is facially neutral and appears to be administered in a neutral manner.

28. There is no credible evidence that Officer Pagan issued the 3 citations against Plaintiff's vehicles with a discriminatory intent, purpose or motive.

29. Plaintiff did not produce any medical records, medical evidence or medical bills which show, or tend to show, any illness, sickness or physical or emotional harm proximately caused by any act or omission of Officer Pagan.

30. Plaintiff did not offer any expert testimony proving:

   a. any diagnosis or prognosis of Plaintiff's health, or

   b. any causal link between Plaintiff's health and any act or omission by Officer Pagan.

31. To the extent a conclusion of law should be treated as a finding of fact it is so incorporated here.

///

///

///

///

06cv1577 WMc

## II.  CONCLUSIONS OF LAW

1.  Plaintiff has the burden to prove by a preponderance of the evidence that Officer Pagan violated his constitutional rights by issuing 1 or more parking violations in a discriminatory manner based on Plaintiff's political or religious beliefs.  *McCleskey v. Kemp, 481 U.S. 279, 282 (1987)  and Lee v. City of Los Angeles, 250 F.3d 668, 686.*  Plaintiff has failed to carry his burden.  There was no credible evidence that Officer Pagan issued the 3 citations against Plaintiff  with a discriminatory intent, purpose or motive.

2.  Plaintiff must also prove by a preponderance of the evidence that (a) he has  suffered physical or emotional harm and  (b) that any such harm proximately resulted from an act or omission of the part of Officer Pagan.

3.  Municipal Code section 86.10.3 gives City Parking Enforcement Officers authority to issue a parking citation under Municipal Code section 86.10.3 if a vehicle intrudes into the alley.

4.  Municipal Code section 86.10.3 gives City Parking Enforcement Officers discretion to determine whether to issue a parking citation under Municipal Code section 86.10.3.

5.  Municipal Code section 86.10.3 is facially neutral and appears to be administered in a neutral manner.

6.  Officer Pagan appropriately exercised his discretion under Municipal Code 86.10.3 in all 3 instances in which he issued a parking citation against Plaintiff.

7.  The City of San Diego's  interpretation of Municipal Code section 86.10.3 so as to give City Parking Enforcement Officers authority to issue a parking citation under Municipal Code section 86.10.3 if a vehicle intrudes into the alley is not unreasonable, arbitrary, capricious or constitutionally infirm.

8.  The City of San Diego's  interpretation of Municipal Code section 86.10.3 so as to give City Parking Enforcement Officers discretion to determine whether to issue a parking citation under that Code section is not unreasonable, arbitrary or capricious or constitutionally infirm.

9.  Plaintiff has not carried his burden of proof that (a) he suffered any physical or emotional harm or (b) that any such alleged harm proximately resulted from any act or omission of the part of Officer Pagan.

10.     To the extent a Finding of Fact should be treated as a conclusion of law, it is incorporated here as a Finding.

### III.  CONCLUSION

For the aforementioned reasons, the Court concludes Plaintiff failed to meet his burden of proving that Officer Pagan violated his constitutional rights by issuing 1 or more parking violations in a discriminatory manner based on Plaintiff's political or religious beliefs.  Accordingly, the Court finds for Defendant Pagan and against Plaintiff Popescu.

**IT IS SO ORDERED.**

DATED:   December 7, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

06cv1577 WMc